IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

FILED
2010 OCT 19 P 12: 55
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**CAROLE BUTLER-HOWARD**
16911 Aquasco Road
Brandywine, Maryland 20613

Plaintiff,

v.

Civil No. 1:10CV 1176 (AJT/TRJ)

**ARLINGTON COUNTY GOVERNMENT**
2100 Clarendon Boulevard
Arlington, Virginia 22201

Defendant.

## COMPLAINT

**NOW COMES** the Plaintiff, Carole Butler-Howard, and files this Civil Complaint for damages against Defendant Arlington County Government, and in support of her Complaint, Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to 42 U.S.C. §1983, hereinafter "1983;" and, 42 U.S.C. §1981 Civil Rights Act, hereinafter "1981."

2. This action properly lies in the U.S. District Court for the Eastern District of Virginia because this judicial district has personal jurisdiction over Defendant.

1

## PARTIES

3. Plaintiff Carole Butler-Howard, is a citizen of the United States and a resident of the State of Maryland.

4. Plaintiff is a member of a protected class based on her race, African-American.

5. Defendant Arlington County is a municipality in the Commonwealth of Virginia and is an employer.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On or about May 1, 2007, after Plaintiff applied for the Emergency Communication Technician I position with Defendant she was interviewed by a panel that consisted of three white Arlington County employees, including James Keaton, Coordinator of Training/Career Development.

7. During the course of the interview, Coordinator Keaton asked Plaintiff about her hobbies. Plaintiff responded she enjoyed attending church, teaching children's Sunday schools and participating in vacation bible school.

8. Coordinator Keaton proceeded to ask Plaintiff whether she ever used drugs and Plaintiff responded in the negative. Coordinator Keaton then stated that he could not believe Plaintiff was forty years of age and had never used drugs, and further stated that he did not believe her. Plaintiff retorted that she was telling the truth about never having used drugs and had never associated with anyone who used drugs.

9. Subsequently, Coordinator Keaton directed Plaintiff go outside the interview room and sit for a couple of minutes. Thereafter, Plaintiff was informed that she

2

successfully passed her interview and she was expected to complete the background component of her application process, which entailed a polygraph examination.

10. Mr. Keaton then asked Plaintiff whether there was anything that she had not informed him that would eliminate her from consideration for employment. Plaintiff responded in the negative.

11. Plaintiff subsequently received an e-mail from an individual identified as Detective Kim Jones, an African-American. According to Plaintiff, Detective Jones informed her she had passed all prior application tests and she would administer Plaintiff's polygraph examination. However, the day before the scheduled polygraph, Detective Jones called Plaintiff and informed her she would not be administering Plaintiff's polygraph exam but instead it would be conducted by someone else.

12. On or about July 3, 2007, Plaintiff was administered the polygraph by a white male, and during the course of the examination he insisted she lie to him and admit her past drug use. Plaintiff retorted she never used drugs and that she should not be asked to lie since the position she was applying for requires trust, respect and integrity and that she did not have to lie in order to get the job. When Plaintiff refused to lie that she used drugs the polygraph examiner instructed her to leave because the examination had concluded. When Plaintiff asked if she had passed he retorted she would know in a couple of weeks whether or not she passed.

13. On or about October 9, 2007, Plaintiff contacted Coordinator Keaton to inquire of the status of her application tests because she had never received the results. Coordinator Keaton retorted that a letter was previously mailed informing her she

was not selected for employment. Plaintiff then requested a copy of the rejection letter but Coordinator Keaton refused. Plaintiff then asked what would be the next step and was informed she did not have any rights and that she was eliminated from the process because she failed the polygraph component of her application process. When Plaintiff retorted she never used drugs, Coordinator Keaton again stated he didn't believe her.

14. The positions were eventually filled by three applicants outside of Plaintiff's protected classification.

## COUNT I
## FAILURE TO HIRE
## IN VIOLATION OF 42 U.S.C. §1981

15. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them by reference herein.

16. Plaintiff applied for the Emergency Communications Technician I position with the Arlington County Government.

17. During the application interview process, Defendant inquired about Plaintiff's prior drug use. Despite having just met Plaintiff, Defendant insisted that Plaintiff had used illicit drugs. Subsequently during the polygraph examination, Defendant insisted Plaintiff lie regarding her use of illicit drugs. When the polygraph examiner directed Plaintiff to lie, she refused.

18. Plaintiff alleges that Defendant's insistence that Plaintiff had previously used drugs was based on her race.

4

19. Consequently, Defendant denied Plaintiff the Emergency Communications Technician I position.

20. Plaintiff contends Defendant's election to replace Detective Kim Jones, an African-American, with a white male to administer Plaintiff's polygraph examination is a subterfuge for employment discrimination.

21. Defendant has never produced any support for its decision to deny Plaintiff the position based upon her use of illicit drugs or any other non-discriminatory reason.

22. Plaintiff avers she was denied selection for the Emergency Communications Technician I position solely based upon her protected classification and that Defendant cannot establish a non-discriminatory explanation to deny her employment for which she was qualified.

23. Defendant selected three applicants outside of Plaintiff's protected classification for the Emergency Communications Technician I position: a Hindi male, a Hispanic male and a white female.

24. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

## COUNT II
## FAILURE TO HIRE BASED ON RACE
## IN VIOLATION OF 42 U.S.C. §1983

25. Plaintiff re-states the allegations of the preceding paragraphs and incorporates them by reference herein.

26. Plaintiff contends that she was discriminated against based on race during the hiring

and interview process as set forth above.

27. Defendant selected three applicants outside of Plaintiff's protected classification for the Emergency Communications Technician I position: a Hindi male, a Hispanic male and a white female.

28. As a direct result of Defendant's discriminatory practices, Plaintiff has sustained economic and non-economic damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court should grant her the following relief, namely:

(i). That this Court determine the employment practices complained of in this Complaint are unlawful in that they violated 42 U.S.C. §1981 and 42 U.S.C. §1983.

(ii). That Defendant be enjoined from continuing any and all discriminatory practices;

(iii). That Defendant pay Plaintiff a sum in excess of $300,000 for compensatory damages, back pay, interest, and emotional distress;

(iv). That Defendant pay Plaintiff's costs and expenses and reasonable attorney's fees incurred in this action;

(v). That this Court grant other and such further relief to the Plaintiff as it deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims set forth herein.

Respectfully submitted,
Carole Butler-Howard
By Counsel

_____
Michael T. Pritchard (VSB 65846)
Hogan & Pritchard, PLLC
11350 Random Hills Road, Suite 800
Fairfax, VA 22030
Ph:   703-352-7034
Fax:  703-591-3049
mpritchard@thehplawfirm.com
*Counsel for Plaintiff Carole Butler-Howard*